

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

PETE DIAMOND HIRST,

    Petitioner,

v.                               CRIMINAL ACTION NO. 4:02-CR-134

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner **PETE DIAMOND HIRST**'s ("Petitioner") Motion for Compassionate Release. ECF No. 81. For the reasons stated below, Petitioner's Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On January 7, 2003, Petitioner pled guilty to Count One of the Indictment which charged him with Conspiracy to Possess with Intent to Distribute & Distribute Marijuana, in violation of Title 21, United States Code, Section 846. ECF No. 11. On April 1, 2003, the Court sentenced Petitioner to three hundred eighty-four (384) months imprisonment. ECF No. 16. On May 11, 2015, the Court reduced Petitioner's sentence to three hundred and eleven (311) months imprisonment in accordance with the Crack Cocaine Amendment, 18 U.S.C. 3582(c)(2). ECF No. 56.

On February 12, 2021, Petitioner, through counsel, filed a Motion for Compassionate Release based upon the ongoing COVID-19 pandemic. ECF No. 81. The Government erroneously failed to respond. The Court then ordered responses on April 27, 2021. ECF No. 92. The

1

Government responded in opposition on May 25, 2021. ECF No. 96. Petitioner filed a reply on June 1, 2021. ECF No. 100. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Federal Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* Courts may; however, waive the exhaustion requirement under exigent circumstances. *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment upon a motion from the petitioner and after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" were previously described by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified in light of the petitioner's medical condition, age, or family circumstances. U.S.S.G. §1B1.13, n. 1 (A)–(C). Additionally, the Sentencing Commission further defined the

2

limits under which a sentence reduction may be given under those justifications. *Id.* The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. As such, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 981 F.3d 271 (4th Cir. 2020).

Additionally, a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Instead, the Court may consider a combination of factors, including — but not limited to — those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

#### A. The Exhaustion Issue

On July 23, 2020, Petitioner submitted a request for compassionate release to the warden of his correctional facility based upon the ongoing COVID-19 pandemic. ECF No. 82 at 21. Petitioner alleges that more than 30 days have lapsed since Petitioner's request and he has yet to receive a response. *Id.* According to the United States Bureau of Prison's Legal Consolidation Center, however, Petitioner's request was actually denied on July 24, 2020. ECF No. 94. At any

3

rate, under § 3582(c)(1)(A), Petitioner has met the exhaustion requirements whether Petitioner received a denial or no response at all.[1]

## B. Resolution of Petitioner's Request for Compassionate Release

### 1. *Consideration of the Factors Listed in 18 U.S.C. § 3553(a)*

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court notes that Petitioner's offense conduct involved life-threatening unlawful activity. According to the Presentence Investigation Report, from in or about 1995 through September 2002, Petitioner and various co-conspirators were involved in a conspiracy to possess with intent to distribute and to distribute in excess of 1,000 kilograms of marijuana. ECF No. 93 at 5. As part of the conspiracy, Petitioner was a leader or manager who directed and organized others in their varied unlawful activities. *Id.* At the time of Petitioner's conviction, Petitioner had an extensive criminal record with a criminal history category of VI, the highest possible category. *Id.* at 47. Petitioner had also been involved in other drug offenses, assault, and had several arrests for which no charges were filed. *Id.* Moreover, Petitioner is attributed with having directed another individual to murder an unindicted co-conspirator. *Id.* at 18. Based upon the foregoing, Petitioner's offense conduct strongly implicates the need for a sentence "to reflect the seriousness of the offense...and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A)–(B).

Upon review, Petitioner has been incarcerated since September 13, 2002 with a projected release date of January 15, 2025. ECF No. 5; ECF No. 94. To date, Petitioner has served over 224 months in prison. ECF No. 82 at 31. The Court recognizes that Petitioner has taken several

---

[1] Despite Petitioner having met these requirements, this Court has previously held that the exhaustion requirement within § 3582(c)(1)(A) may be waived in the midst of the COVID-19 pandemic. *See supra* Part II.A; *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020). Accordingly, even if Petitioner's request for "Home Confinement" did not meet the standard for a § 3582(c)(1)(A) request for compassionate release, this requirement is hereby waived.

4

education courses and maintains familial support from various individuals who believe Petitioner is a changed man. ECF No. 82 at 31-33. However, after full consideration of the § 3553(a) factors, the Court concludes that the purposes of Petitioner's sentence remain unfulfilled.

2. *Evaluation of "Extraordinary and Compelling Reason"*

In evaluating whether an "extraordinary and compelling reason" for release based upon the COVID-19 pandemic has been established, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1-2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton).

In this case, Petitioner is presently incarcerated at FCI Tucson which houses approximately 206 inmates. *FCI TUCSON*, BOP, https://www.bop.gov/locations/institutions/tcn/. At this time, FCI Tucson oversees 110 inmates who were previously diagnosed with COVID-19. *See COVID19 Inmate Test Information*, BOP, https://www.bop.gov/coronavirus/. As the BOP continues to distribute its allotment of COVID-19 vaccines, FCI Tucson has fully vaccinated a large portion of its inmates. *COVID-19 Vaccine Implementation*, BOP, https://www.bop.gov/coronavirus/. Moreover, FCI Tucson has no positive COVID-19 diagnoses at this time. *COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/.

Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020). Here, Petitioner proffers his age, hyperlipidemia, chronic gastroesophageal reflux disease, chronic orthopedic pain, and obesity as underlying conditions that may exacerbate a potential COVID-19 infection. ECF No. 82 at 24-25. As an initial matter, Petitioner's hyperlipidemia, reflux disease

5

and orthopedic pain are not ailments that the CDC lists as comorbidities that would increase Petitioner's likelihood of severe illness from a COVID-19 diagnosis.[2] The CDC does, however, indicate that being obese (BMI > 30 but < 40) "can make you more likely to get severely ill from COVID-19."[3] The CDC also states that older adults are "more likely to get severely ill from COVID-19"[4] Despite Petitioner's ailments, however, the Court is unable to conclude that Petitioner presents an extraordinary and compelling reason to warrant release from prison.

The Court has examined Petitioner's filings and medical records and notes that Petitioner was offered the Moderna COVID-19 vaccine on March 19, 2021 but refused it. ECF No. 98 at 95. Upon review of the filings, Petitioner states he refused the vaccine based upon his "fear" since he was "not adequately treated when he first battled COVID-19 and he fears the same lack of medical attention if he were to have a negative reaction to the vaccine." ECF No. 100 at 7. This reasoning, however, is insufficient as to justify an extraordinary and compelling reason for release. At this juncture, the BOP has administered 196,260 total vaccine doses to inmates and staff.[5] Accordingly, Petitioner's "fear" of improper care is outweighed by the high volume of individuals in similar circumstances who have obtained the vaccine. Without more, "fear" is an invalid excuse for failure to properly protect himself from potential severe illness.

As for Petitioner's medical ailments, the parties concede that Petitioner is obese with a BMI of at least 32.5. ECF Nos. 82 and 96. With Petitioner's chronic orthopedic pain, exercise is an unlikely resolution to Petitioner's obesity. The Court also notes that Petitioner is 57 years old,

---

[2] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.
[3] *Id.*
[4] *Id.*
[5] *COVID-19 Vaccine Implementation*, BOP, https://www.bop.gov/coronavirus/.

placing him at an increased risk of severe illness. But the Court cannot ignore that Petitioner's refusal to obtain a vaccine plays a key role in his increased risk of severe illness.

The CDC advises that upon vaccination, "[y]ou can resume activities that you did prior to the pandemic," and "[y]ou can resume activities without wearing a mask or staying 6 feet apart."[6] Moreover, "COVID-19 vaccines are effective at preventing COVID-19 disease, especially severe illness and death." *Id.* With this information from the CDC and knowing that Petitioner is in an environment in which most of the inmates within his facility are also vaccinated (and continuing to be vaccinated), the Court cannot conclude that Petitioner's circumstances are so extraordinary as to warrant release from incarceration.

While the world continues to grapple with the pandemic, it is imperative to acknowledge that many persons who are incarcerated suffer from a variety of ailments that may make them susceptible to severe illness from a COVID-19 diagnosis. With the added protection of a COVID-19 vaccine, vaccinated inmates with various comorbidities are now better positioned against a COVID-19 diagnosis than the inmates who were released prior to widespread accessibility to a COVID-19 vaccine. As the Court continues to exercise its discretion in releasing the most vulnerable inmates in light of the pandemic, the Court declines to release inmates who lack a significant showing of potential fatality from a COVID-19 diagnosis. Based upon the foregoing reasoning, the Court is unable to find an extraordinary and compelling reason for relief after considering the unfulfilled purposes of Petitioner's original sentence.

---

[6] *When You've Been Fully Vaccinated*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Jun. 17, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**. The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Newport News, Virginia
July / , 2021

/s/
Raymond A. Jackson
**United States District Judge**